CLÍNICA DÍAZ GARCÍA, INC., peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO y TESORERO DE PUERTO RICO, demandados.

Núm. 46.—*Sometido:* Abril 23, 1945. *Resuelto:* Mayo 28, 1945.

*Héctor González Blanes* y *Enrique Córdova Díaz*, abogados de la peticionaria; *Hon. Procurador General Interino Jesús A. González* y *M. Velázquez Flores, Procurador General Auxiliar*, abogados del Tesorero demandado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El 12 de febrero de 1938 el Tesorero de Puerto Rico notificó a la peticionaria una deficiencia en sus contribuciones sobre ingresos correspondientes a los años 1933 al 1935. El 8 de marzo de 1938 la peticionaria radicó su alzada ante la Junta de Revisión e Igualamiento. El 28 de julio del mismo año la peticionaria prestó fianza por una suma igual a la deficiencia notificada y dicha fianza fué aprobada por el Tesorero.[1] Estando pendiente de resolución la alzada se aprobó la Ley núm. 172 de 1941 ((1) pág. 1039) creando el Tribunal de Apelación de Contribuciones de Puerto Rico, y al amparo de las secciones 4 y 5 de dicha ley y de la Regla de Práctica núm. 8 de dicho Tribunal, la peticionaria radicó ante el mismo el 18 de febrero de 1942 la correspondiente querella. En octubre 6 de 1943 el Tesorero, al contestar la querella, impugnó la jurisdicción del Tribunal por el fundamento de que la fianza requerida por la sección 57(a) supra,

---

[1] Este caso se rige por la sec. 57 (a) de la Ley de Contribuciones sobre Ingresos, según quedó enmendada por la Ley núm. 102 de 1936 ( (1) pág. 525) que decía así:

"Sección 57.—(a) Si tratándose de algún contribuyente, el Tesorero determinare que hay una deficiencia con respecto a la contribución impuesta por este título, el contribuyente, excepto lo que dispone la subdivisión (d), será notificado de dicha deficiencia por correo certificado; pero dicha deficiencia será tasada solamente en la forma que más adelante se establece. Dentro de los 30 días después de la fecha en que dicha notificación haya sido depositada en el correo, el contribuyente podrá radicar una apelación ante la Junta de Revisión e Igualamiento, alegando por escrito y bajo juramento los hechos y fundamentos legales en que apoya dicha apelación; *Disponiéndose, sin embargo,* que para hacer uso de este derecho, el contribuyente tendrá que prestar fianza por una suma igual al montante de la contribución notificada y apelada sujeta a la aprobación del Tesorero."

había sido radicada fuera de tiempo. No fué hasta el 28 de febrero de 1945 y por el Tribunal de Contribuciones creado por la Ley 169 de 15 de mayo de 1943, que se dictó resolución declarando con lugar la defensa de falta de jurisdicción establecida por el Tesorero por el fundamento de que la fianza debió haberse prestado por la peticionaria dentro del término de treinta días de notificada de la deficiencia o sea en o antes del 14 de marzo de 1938 y que si no lo hizo hasta el 28 de julio de 1938 "la extinta Junta de Revisión e Igualamiento no pudo adquirir jurisdicción y, desde luego, el Tribunal de Apelación de Contribuciones no pudo adquirirla y que este Tribunal de Contribuciones no la tiene en la actualidad." Expedimos el auto de *certiorari* con el fin de revisar dicha resolución.

■ Tanto el Tribunal recurrido en su titulado "Return y Memorándum", como la peticionaria y el Tesorero en sus alegatos, se han enfrascado en una amplia discusión en cuanto a si la sección 3 de la Ley núm. 109 de 1943 (pág. 601) debe prevalecer o no sobre la sección 57(*a*) de la Ley de Contribuciones sobre Ingresos en relación con la prestación de una fianza como requisito previo jurisdiccional para que un contribuyente pueda acudir ante el Tribunal de Contribuciones. Esta cuestión ha sido resuelta por nosotros en el caso de *The Mayagüez Light, Power & Ice Co., Inc.* v. *Tribunal de Contribuciones,* pág. 30, ante, en el sentido de que el requisito de la prestación de una fianza de tres cuartas partes del montante de la contribución provista en la sec. 57(*a*) según enmendada por la Ley núm. 23 de 1941 (Sesión Extraordinaria) aún está en vigor no obstante las disposiciones de la sec. 3 de la Ley núm. 169 de 1943. Por otros motivos, también resolvimos en dicho caso que el Tribunal de Contribuciones debía permitir que los contribuyentes que descansaron en cierta decisión anterior de dicho Tribunal, radicaran sus fianzas.

■ Empero, el caso de autos se rige, exclusivamente, por la interpretación que deba darse al *Disponiéndose* contenido

en la sec. 57(a) según fué enmendada por la Ley núm. 102 de 1936, supra nota (1), al efecto de que para hacer uso del derecho de apelación para ante la Junta de Revisión e Igualamiento "el contribuyente tendrá que prestar fianza por una suma igual al montante de la contribución notificada y apelada sujeta a la aprobación del Tesorero". Alega la peticionaria y admite el Tesorero que la práctica administrativa establecida y aceptada en los recursos establecidos para ante la Junta de Revisión e Igualamiento no exigía que la fianza fuera prestada y aprobada dentro de los treinta días de notificada la deficiencia. Aun cuando el Tesorero admite esto arguye que siendo claro el alcance del *Disponiéndose* no debe prevalecer contra su observancia, de acuerdo con el artículo 5 del Código Civil, "el desuso, la costumbre, o la práctica en contrario."

Una comparación de los términos de la sec. 57(a) tal y como regía en el año 1938 cuando se inició la alzada en este caso ante la Junta de Revisión e Igualamiento, con los de la misma sección 57(a) según fueron enmendados por la Ley núm. 23 de 1941 (Sesión Extraordinaria, pág. 73) cuyo alcance interpretamos en el caso de la *Mayagüez Light, Power & Ice Co.*, supra, demuestra que en esta última ley fué que la Legislatura expresamente dió énfasis en cuanto al carácter mandatorio de la prestación de la fianza como requisito previo jurisdiccional. Si bien la Ley núm. 102 de 1936 exigía la prestación de la fianza, los términos del *Disponiéndose* no puede decirse que sean tan manifiestamente claros que justifiquen resolver en el año 1945, contrario a la práctica administrativa del año 1938 admitida por el propio Tesorero, antes presidente de la Junta de Revisión e Igualamiento, que dicha Junta no había adquirido jurisdicción sobre el caso por el hecho de haberse prestado y aprobado la fianza de la peticionaria después de transcurridos treinta días de entablado el recurso.

*Debe revocarse la resolución del Tribunal de Contribuciones y devolverse el caso para ulteriores procedimientos.*